IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Tony Donell McColley,         )
                                    )
            Petitioner,    )
                                    )     Civil Action No. 5:19-704-BHH
v.                              )
                                  )         **ORDER**
Warden of FCI Williamsburg,   )
                                  )
           Respondent.   )
_____)

This matter is before the Court upon Petitioner Tony Donell McColley's ("Petitioner" or "McColley") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On March 28, 2019, Magistrate Judge Kaymani D. West filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court summarily dismiss this petition without prejudice and without requiring Respondent to file an answer or response based on Petitioner's failure to exhaust his administrative remedies prior to filing suit and his failure to allege facts showing that the Court should excuse him from exhausting his administrative remedies. Attached to the Magistrate Judge's Report was a notice advising the Petitioner of his right to file written, specific objections to the Report within fourteen days of receiving a copy. On April 8, 2019, Petitioner filed objections to the Report.[1]

The Magistrate Judge makes only a recommendation to the Court. The

---

[1] Petitioner's objections actually appear to be some sort of form objections with particular blanks filled in by Petitioner, and the Court notes that it has received these exact objections in other cases. *See, e.g.,* *McCullough v. Warden of FCI Williamsburg*, Civil Action No. 8:19-630, ECF No. 17.

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In his objections, Petitioner argues that, contrary to the Magistrate Judge's Report, he has presented facts to show that the exhaustion requirement should be excused in this case. Importantly, however, Petitioner merely reiterates his claim that the Bureau of Prisons' delayed implementation of the First Step Act's good time credits violates due process of law and the rules of statutory construction. After review, the Court finds that the Magistrate Judge thoroughly considered Petitioner's arguments and that Petitioner's objections fail to point to any legal or factual error in the Magistrate Judge's analysis sufficient to alter the Magistrate Judge's findings and recommendations.

Accordingly, the Court hereby overrules Petitioner's objections (ECF No. 22); the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 18); and the Court dismisses this matter without prejudice and without requiring Respondent to file a response or answer.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks           
The Honorable Bruce Howe Hendricks
United States District Judge

July 22, 2019
Charleston, South Carolina